IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>KELBY CHADBURN,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND/CORRECT JUDGMENT<br><br><br>Case No. 2:12-CR-149 -TS<br><br>District Judge Ted Stewart |

This matter is before the Court for consideration of a letter received from Defendant Kelby Chadburn, which the Court has construed as a Motion to Amend/Correct Judgment. For the reasons discussed below, the Court will deny Defendant's request.

I.  BACKGROUND

Defendant was named in a one-count Indictment on March 28, 2012, charging him with being a felon in possession of a firearm and ammunition. Defendant pleaded guilty on February 25, 2013. On July 2, 2013, Defendant was sentenced to a term of imprisonment of 27 months to be followed by a term of supervised release. Defendant did not seek a direct appeal nor has he filed any post-conviction motions.

II.  DISCUSSION

Defendant's letter requests the Court take three actions. First, Defendant wishes to lodge a complaint against his former attorney. Second, Defendant requests the Court appoint him counsel. Third, Defendant requests the Court enter an order giving him credit for time spent in state custody.

Defendant first wishes to file a formal complaint against his former counsel. Defendant alleges that both he and his family have attempted to contact counsel and that counsel has failed to respond. Should Defendant wish to file a complaint against his counsel, Defendant is directed to fill out an Attorney Misconduct Complaint Form. That form can be requested from the Clerk of the Court.

Defendant next asks the Court to appoint counsel to represent him in this matter and any future matters in this case. However, judgment has been entered and this case has been closed. As stated, Defendant did not file an appeal and the time to do so has now passed. Additionally, other than the instant Motion, Defendant has not filed any post-conviction motions. Without more, the Court finds no reason to appoint Defendant counsel at this time.

Finally, Defendant requests the Court issue an order granting Defendant credit for time he spent in state custody. Defendant represents that he was serving a state sentence while this case was pending and that the Bureau of Prisons ("BOP") has not given him credit against his federal sentence for the time credited against his state sentence.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[1] Because Defendant's Motion is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, his Motion depends on 18 U.S.C. § 3582(c) or Federal Rule of Criminal Procedure 36.[2]

"Section 3582(c) . . . provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed.'"[3]

---

[1] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).
[2] *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

2

A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."[4]

Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." As Defendant brings this Motion after the fourteen-day period set out in Rule 35(a), the provision is inapplicable.[5] Further, Defendant does not point to any arithmetical, technical, or other clear error in his sentence.

The other avenues set forth above similarly fail to provide relief. There is no motion from the Director of the BOP, nor has Defendant's sentencing range been lowered by the Sentencing Commission. Rule 35(b) provides for a reduction upon motion of the Government. Here, there is no motion by the Government. Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." There is no such error here therefore Rule 36 is inapplicable.

As stated, Defendant seeks credit for time he has served. 18 U.S.C. § 3585 provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been

---

[3] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

[4] *Id.* at 947–48 (quoting 18 U.S.C. §§ 3582(c)(1)(A), (c)(1)(B), (c)(2)).

[5] *United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994) (time limit imposed by Rule 35 is jurisdictional).

credited against another sentence."[6]  The BOP is responsible for computing sentence credit under § 3585(b).[7]  "[O]nly the Attorney General through the Bureau of Prisons has the power to grant sentence credit in the first instance."[8]  Until the Attorney General, through the BOP, makes a § 3585(b) determination, the matter is not ripe for review and the Court lacks jurisdiction.[9]

Defendant must first exhaust all of his administrative remedies with the BOP before he seeks judicial intervention regarding the calculation of credit for time served on his sentence. Once he has done so, if he is not satisfied with the BOP's resolution of his request for sentence credit, he may raise the issue by filing a petition under 28 U.S.C. § 2241.  Such petition must be filed in the judicial district where Defendant is held in custody at the time such a petition is filed.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Amend/Correct Judgment (Docket No. 70) is DENIED.

DATED this 14th day of January, 2015.

BY THE COURT:

Ted Stewart
United States District Judge

---

[6] 18 U.S.C. § 3585.

[7] *United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.").

[8] *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994).

[9] *Id.*